UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY E. SMITH,<br>　　　　Petitioner,<br>　　v.<br>K. ANCHETA,<br>　　　　Respondent. | Case No. 20-cv-00095-PJH<br><br>**ORDER DISMISSING PETITION**<br>Re: Dkt. No. 2 |

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, a review of the petition indicates that this is a civil rights complaint. Plaintiff argues that his right to access the courts was violated with respect to prison policies that delayed the sending of certain documents. Petition at 5. The remainder of the allegations are difficult to discern. It appears that a state court judge denied his request for reinstatement of a civil action to appeal a summary judgment ruling against him. Petition at 10.

The court will dismiss this action, but plaintiff may file a new civil rights action in this court. If plaintiff files a civil rights action, he should include more allegations in the complaint. He must identify specific defendants and present allegations how these defendants hindered his efforts to purse a non-frivolous claim concerning his conviction or conditions of confinement. Plaintiff is also informed that he must file a new in forma pauperis application and it will cost $350 to proceed with a civil rights case as opposed to $5 to proceed with a habeas petition. It also appears that plaintiff may be three strikes barred pursuant to § 1915(g). If plaintiff is three strikes barred it will cost $400 to proceed

with a civil rights action and he will be prevented from proceeding in forma pauperis.[1]

This case is **DISMISSED** and a certificate of appealability is **DENIED**. The motion to proceed in forma pauperis (Docket No. 2) is **VACATED**. The clerk shall **SEND** plaintiff a blank civil rights form and a blank in forma pauperis application.

**IT IS SO ORDERED.**

Dated: January 21, 2020

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge

---

[1] Although the Court has discretion to convert a habeas petition into a civil rights complaint, it declines to do so here and will allow petitioner the opportunity to make the decision and file a more detailed complaint naming proper defendants if he chooses to proceed. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971)